**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**CLAIBORNE JACKSON,**
*Individually, and on behalf of himself*
*and others similarly situated,*

 Plaintiff,

    v.                        No._____

**PRAIRIE FARMS DAIRY, INC.,**        **FLSA Collective Action**
*an Illinois Corporation,*              **JURY DEMANDED**

Defendant.

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff, Claiborne Jackson ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

**I.**
**INTRODUCTION**

1.    This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Prairie Farms Dairy, Inc. ("Defendant") on behalf of Plaintiff Claiborne Jackson, individually, and on behalf of himself and other similarly situated hourly-paid production employees as a class, who were employed by Defendant during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation for those who have worked for Defendant as hourly-paid

1

production employees at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## II.
## JURISDICTION AND VENUE

2.   This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant has conducted business within this district during all relevant periods to this action and, Plaintiff was employed by Defendant in this district at all times material.

## III.
## PARTIES

4.   Defendant Prairie Farms Dairy, Inc. is an Illinois Corporation with its headquarters located at 3744 Staunton Road, Edwardsville, Illinois 62025. According to the Tennessee Secretary of State, Defendant may be served via its registered agent, Corporation Service Company, 2908 Poston Ave Nashville, TN 37203.

5.   Plaintiff was employed by Defendant as an hourly-paid production employee within this district during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Jackson's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV.
## FACTUAL BASIS FOR SUIT

6.      Defendant is a milk processing company with some forty-four (44) processing facilities in fourteen (14) different states, including one facility in Memphis, Tennessee where Plaintiff and similarly situated hourly-paid production employees were employed during all times material to this collective action.

7.      Plaintiff Claiborne Jackson and those similarly situated were employed as hourly-paid production employees by Defendant during the three (3) year period preceding the filing of this complaint.

8.      Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendant during the three (3) year period preceding the filing of this collective action.

9.      Defendant has been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10.      Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within the three (3) year period preceding the filing of this collective action.

11.      At all times material, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and similarly situated hourly-paid production employees also have engaged in commerce and the production

of goods for commerce during the applicable statutory period.

12.    Defendant has had a centralized time keeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during all times material to this Complaint.

13.    Defendant has had a common plan. policy and practice of automatically "editing-out" a thirty (30) minute meal period each work shift during which Plaintiff and those similarly situated were not compensated for such "edited-out" time.

14.    Plaintiff and those similarly situated were required, forced, expected and/or, suffered and permitted, to perform work and, performed such work, during thirty (30) minute meal periods within weekly pay periods during all times material to this action, without being compensated for such work time at the applicable FLSA overtime rates of pay.

15.    Plaintiff complained to Defendant about being required, forced, expected and/or, suffered and permitted, to perform work during such 30-minute unpaid meal periods without being compensated for such work time.

16.    Nonetheless, Defendant failed to "edit-in" Plaintiff's uncompensated meal period time into its time keeping system or, otherwise compensate him for such work time. On information and belief, Defendant also did not "edit-in" the thirty (30) minute unpaid meal periods into its time keeping system for the shifts in which those similarly situated performed work during such times or, otherwise compensate them for such work time.

17.    At all times material Defendant had a common plan, policy and practice of

4

refusing to compensate Plaintiff and those similarly situated at the applicable FLSA overtime rates of pay (within weekly pay periods) for the thirty (30) minute unpaid meal breaks during the times they performed such work.

18. Defendant did not have a plan, policy or practice that prohibited Plaintiff and those similarly situated from performing work during such thirty (30) minute unpaid meal breaks.

19. Defendant did not provide Plaintiff and those similarly situated with some type log or document on which to record the time they worked during such thirty (30) minute unpaid meal breaks.

20. The unpaid "edited-out" meal period claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

21. Defendant knew and was aware it was not compensating Plaintiff and those similarly situated for the time they performed work during thirty (30) minute unpaid meal periods at their regular hourly rates of pay at the applicable FLSA overtime rates of pay for such work over forty (40) within weekly pay periods during all times material to this Complaint.

22. Defendant's common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

23. Defendant's failure to compensate Plaintiff and those similarly situated for the time they performed work during thirty (30) minute unpaid meal periods was willful and   without a good faith basis for such conduct.

24.     As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation, as well as other damages.

25.     The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## V.
## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

27.     The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid production employees employed by Prairie Farms Dairy, Inc. who worked during unpaid meal periods without being compensated for such work at one and-one half times their regular hourly rates of pay for all hour worked in excess of forty (40) hour per week, occurring anywhere in the United States during the three (3) years preceding the filing of this action.[1] ("Class Members")

28.     Plaintiff seeks to pursue his unpaid overtime wage claims against Defendant on

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid production employees as a class.

29.   Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

30.   This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping and compensation plans, policies and practices.

31.   The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

32.   Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

33.   Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

34.   Defendant knew Plaintiff and class members performed worked during unpaid

meal periods that resulted in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

35.   Defendant's conduct, as alleged herein, was willful with reckless disregard to the rights of Plaintiff and class members, which conduct caused significant damage to Plaintiff and the collective class.

36.   Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

37.   Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

38.   Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

39.   Plaintiff estimates there are hundreds of members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related

records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's processing plants.

40.   Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

### COUNT I
### (Violation of the Fair Labor Standards Act)

41.   Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42.   At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

43.    Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

44.   At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

45.   Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

46.   Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

47.     As a result of Defendant's common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and class members to perform work during thirty (30) minute unpaid meal periods that resulted in such time being in excess of forty (40) hours per week without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, it violated the FLSA and is liable to them for such unpaid overtime.

48.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

49.     Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the Act.

50.     Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

51.     Defendant's actions were not in good faith.

52.     The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

53.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

54.     Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

c) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 9, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathan A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***