```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| **CLAIBORNE JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02018-SHM-jay |
| | ) | |
| **TURNER HOLDINGS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING JOINT MOTION FOR JUDICIAL APPROVAL OF FLSA SETTLEMENT**

This is a Fair Labor Standards Act ("FLSA") action. 29 U.S.C. § 216(b). Before the Court is the Joint Motion for Judicial Approval of FLSA Settlement (the "Settlement") between Plaintiff Claiborne Jackson and Defendant Turner Holdings, LLC., filed on October 27, 2020. (D.E. No. 29.) The Motion is **GRANTED** and the Settlement is **APPROVED**.

Plaintiff alleges that Defendant made Plaintiff work during his 30-minute lunch hour without compensation. (D.E. No. 16, ¶¶ 12-22.) The Settlement is between Plaintiff and Defendant. (See D.E. No. 29-1, 1.) The Court is not considering or approving any payments to other employees. Before the Court is the parties' Settlement totaling $8,000: $2,500 for Plaintiff, $5000 for attorney's fees, and $500 for costs. (See id. at 2.)

The Court has subject matter jurisdiction over FLSA claims under the general grant of federal question jurisdiction in 28 U.S.C. § 1331.

The Court is permitted to approve a settlement for back wages when the settlement occurs in the context of a lawsuit initiated by the employee.  See <u>Lynn's Food Stores, Inc. v. United States of America</u>, 679 F.2d 1350, 1354 (11th Cir. 1982). The Court must consider whether the settlement is "a fair and reasonable resolution of a bona fide dispute."  29. U.S.C. § 216(b).  This Circuit has stated the factors to be considered when scrutinizing a settlement: "(1) the risk of fraud or collusion, (2) the complexity, expense and likely duration of the litigation, (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits, (5) the opinions of class counsel and class representatives, (6) the reaction of absent class members, and (7) the public interest." <u>Does 1-2 v. Déjà vu Services, Inc.</u>, 925 F.3d 886, 894 (6th Cir. 2019) (citing <u>Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.</u>, 497 F.3d 615, 631 (6th Cir. 2007)).

Plaintiff alleges that he worked during his 30-minute lunch period.  (<u>See</u> D.E. No. 16, ¶ 14.)  Plaintiff will receive $2,500 for back pay, liquidated damages, and being the lead plaintiff. (D.E. No. 29, 2.)  The costs, risks, and delay of trial would

2

have been substantial compared to Plaintiff's potential recovery.  Plaintiff avoids the uncertainty and delay of trial by settling.  There are no concerns about fraud and collusion. The parties engaged in adversarial process after Plaintiff filed his complaint.  (See D.E. No. 1.)  Plaintiff's attorneys are experienced in handling labor and employment disputes, including FLSA matters.  (See D.E. No. 31, ¶ 3.)  Because the Settlement involves Plaintiff alone, the Court need not consider factors relating to similarly situated employees.  The Settlement is a fair and reasonable resolution of a bona fide dispute.

Attorney's fees must "be reasonable under the circumstances."  Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d. 513, 516 (6th Cir. 1993).  Plaintiff's counsel will receive $5,000 in fees and $500 in costs.  (D.E. No. 29-1, 2.) Plaintiff's counsel worked approximately 40 hours and incurred approximately $3,000 in costs.  (D. E. No. 31, ¶ 10.)  Under these circumstances, the attorney's fees are reasonable.

The Motion is **GRANTED** and the Settlement is **APPROVED.**

So ordered this 30th day of October, 2020.

                                          */s/ Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE